People of the State of Illinois, Plaintiff-Defendant in Error, v. Joseph Johnson, Defendant-Plaintiff in Error.

Gen. No. 10,759.

Fourth District.

September 26, 1966.

Stuart Dobbs, of Springfield, for plaintiff in error.

Raymond L. Terrell, State's Attorney, of Springfield (Richard A. Hollis and James P. Fox, of counsel), for defendant in error.

CRAVEN, J.

This is an appeal from a conviction for the offense of robbery. The defendant was sentenced to the penitentiary for not less than two nor more than eight years by the circuit court of Sangamon County after being convicted at a jury trial.

The defendant asserts four separate errors as grounds for this appeal:

1. That the defendant should have been discharged under the four months' rule. (Ill Rev Stats 1961, c 38, § 748.)
2. That the trial court erred in admitting testimony prejudicial to the defendant.
3. That the evidence was insufficient to prove the defendant guilty beyond a reasonable doubt.
4. That the trial court erroneously instructed the jury on the issue of flight.

The evidence shows that the complaining witness testified that he had just been paid and had on his person approximately $155 in small bills; that he was drinking with the defendant in the Hi-De-Ho tavern. He stated that after he left the tavern the defendant followed him and shoved him into a taxicab that the witness was about to enter, and thereafter robbed him. Later, the witness testified he was in the Starlight tavern. The State called several witnesses, Harold Boyer, Nathaniel Beeler and Avonette Boyd, who testified that the defendant attempted to rob the complaining witness, Boyer, earlier in the Starlight tavern.

The State also called Stanley Gureski, who testified he was driving a taxicab for the Lincoln Cab Company on the date in question. He stated that he picked up the complaining witness at the Starlight tavern and that, as his passenger was entering his cab, the defendant ran from the tavern, pushed and followed the complaining witness into the taxicab. The witness Gureski then went into the tavern to call the police. When he returned, the complaining witness was getting out of the cab with his wallet in hand and stated, "I was robbed."

The arresting officer testified that he arrested the defendant an hour to an hour and one-half later at his apartment. He stated that the defendant had $85 in his possession at the time of his arrest. The defendant's roommate, Agnes Baldwin, corroborated this account.

Vanzella Freemon, the defendant's girl friend, testified she loaned the defendant $15, Davis Cole testified he loaned the defendant $25, Merle Graham testified he paid the defendant $36 and Nicholas Anthony testified he paid the defendant $13.05—all on April 6, 1962, the date in question.

Ulysses Holifild testified he was present at the Starlight tavern on April 6, 1962, and saw the defendant talking to the complaining witness through the window of a cab. He stated there was no scuffle and that no money was taken. He testified he was there until the police arrived. On cross-examination he stated the defendant was dating his sister.

The defendant was first arrested on April 6, 1962, the date of the alleged offense, and remained in the Sangamon County jail until he was finally brought to trial on October 8, 1962.

The defendant was first brought to trial on July 16, 1962. However, after a jury was empaneled and testimony taken, the defendant moved for and was granted a mistrial. The court then entered the following order:

"The Court having heard evidence on the part of the State and upon motion of the defendant by his attorney, Lawrence Swinyer, to withdraw a joror [sic] and to continue the trial in the above cause, a juror having been withdrawn by the Court, it is hereby ordered by the Court that the trial in the above cause, which trial was commenced on July 16, 1962 be and the same is hereby continued to September 10, 1962, at 9:30 a. m."

On August 2 the court entered the following amended order:

"On the motion of defendant, by his attorney, Lawrence Swinyer, to withdraw a juror and to de-

clare a mistrial, motion allowed. Juror withdrawn and mistrial declared. It is hereby ordered that the trial of the abovr [sic] cause be reset on September 10, 1962, at 9:30 a. m."

Nothing in the record indicates that this amendment was requested by motion of either party or that any notice was provided the State concerning the amendment. There is no showing in the record that the defendant did not concur in the setting that was originally made pursuant to his motion. This statute was enacted for the protection of defendants to secure a speedy trial. It was not intended as a procedural device to be used to allow the release of defendants without a trial. While there is no duty upon a defendant to make a demand while in custody, he cannot, by motion, terminate proceedings begun within the four months' period, concur in a later setting pursuant to his motion for mistrial and then take advantage of a major change in the record without concurrence or notice to the State. Even though the record was amended, it is apparent that when all parties were present the defendant concurred in the continuance and the subsequent setting. The State was given no notice of the change in the record until the defendant's motion for discharge. Although the defendant did not cause the continuance and the record was amended to show that he did not request it, we believe that he did, through his counsel, agree to the continuance as contemplated under the rule pronounced in People v. Williams, 27 Ill 2d 327, 189 NE2d 314 (1963). The People, as well as the defendant, are entitled to a reasonable interpretation of this statute.

■ The defendant contends that the evidence was insufficient to allow a jury to find him guilty beyond a reasonable doubt. We view this evidence as clear and conclusive. The defendant attempted to rob the complaining witness in the Starlight tavern immediately pri-

or to the alleged offense. This was testified to by the complaining witness and corroborated by two disinterested parties. The cabdriver testified the defendant followed the victim from the tavern and pushed him into his taxicab. The victim testified the defendant then robbed him. The defendant argues that the testimony of Nathaniel Beeler and Avonette Boyd was too remote and constituted prejudicial error. We are unable to determine how more proximate the defendant's conduct could have been. According to the testimony, the defendant made a continuing attempt to rob the complaining witness until he achieved his result. This course of conduct involved the same parties on the same date, at the same approximate time and place. Any evidence which tends to prove guilt is prejudicial. However, this evidence was proper and conclusively contributed to establish the defendant's conscious and continuing effort to complete his unlawful objective.

■ ■ People's Instruction No. 14 was given upon the theory that the defendant had fled and told the jury that flight was a proper circumstance to be considered in determining the guilt or innocence of the defendant. The giving of this instruction was error, not because of the form of the instruction but because there was no evidentiary basis for the instruction. A flight instruction must be predicated upon evidence of flight. Here, the defendant left the scene of the crime and was apprehended an hour to an hour and one-half later at his apartment. Such facts do not show evidence of flight. We cannot accept the assertion by the People that the instruction was justified in that "Johnson fled from the scene of the crime and remained away until taken into custody."

In the case of People v. Weisberg, 396 Ill 412, 71 NE2d 671 (1947), the facts of which were that the defendant left a bar, the scene of a shooting, and went to a hotel and en route disposed of a weapon, and a flight

instruction was given, the court held this to be error and said at p 427 (71 NE2d at 680):

"It seems the prosecutor thought, and argues, it is the duty of the defendant, whether guilty or innocent, to either remain upon the scene of the homicide, or to surrender to a policeman. We have not been cited to, nor do we know of, any law requiring this upon the part of a man who has killed another, as he claims, in self-defense. This instruction should not have been given, but we do not see where it could have reasonably affected the verdict. Surely, any jury could distinguish between going home, and fleeing to escape arrest. Under a similar situation we held it could not be said that such an instruction constituted reversible error. People v. Haensel, 293 Ill 33 [127 NE 181]."

 The erroneous giving of the flight instruction there was held not to be reversible error. The instant case does not turn upon a close factual basis, or upon the existence or nonexistence of flight. The instruction was not necessary, was error, but on the facts not so prejudicial as to require a new trial. People v. Agnello, 22 Ill2d 352, 176 NE2d 788 (1961).

The judgment and sentence entered by the Circuit Court of Sangamon County are affirmed.

Affirmed.

TRAPP, P. J. and SMITH, J., concur.