People of the State of Illinois, Plaintiff-Appellee, v. Norbert Terlikowski, Defendant-Appellant.

Gen. No. 66–9.

Third District.

June 12, 1967.

Robert Lawson, of Rock Island, for appellant.

Richard Stengel, State's Attorney, of Rock Island, for appellee.

ALLOY, J.

Defendant Norbert Terlikowski appeals to this court from a judgment finding him guilty of armed robbery resulting in a sentence of not less than three nor more than ten years in the Illinois State Penitentiary. On appeal in this court he asserts that the court erred in denying his motion to dismiss for failure to afford him a speedy trial and also that the testimony as to his identification was doubtful and uncertain.

The record in this cause discloses that there had been an armed robbery of a Geifman's food store in Rock Island in the morning of April 4, 1964, by three men. One of the men had pointed a gun and directed the store manager to "do exactly what I tell you to do and nothing will happen." All three of the men were wearing sports coats. Defendant Terlikowski was identified as the man who had the gun in a lineup with seven other men in Minneapolis. He was also identified by another witness in the store at the lineup in Minneapolis.

The lineup in Minneapolis resulted from a series of events originating when defendant Norbert Terlikowski was charged with burglary on January 30, 1964, by the

State of Minnesota. He was incarcerated in Minnesota on April 23, 1964, on the burglary charge. Numerous continuances were had at the request of the defendant until finally a Preliminary Hearing was held and defendant was bound over to the District Court in Minnesota on May 5, 1964. A warrant was received from the State of Illinois prior to such time charging defendant with the crime of Armed Robbery. A Fugitive from Justice Complaint was issued by the Municipal Court of the City of Minneapolis and defendant was finally arrested as a fugitive from justice on April 23, 1964. The appearance on such complaint was continued until May 5, 1964, for the purpose of permitting defendant to file a writ of habeas corpus or to obtain a Governor's Hearing. On the 25th day of May, 1964, when no application had been made by defendant for a Governor's Hearing or a writ of habeas corpus, the matter was continued till the 25th day of June to enable Illinois authorities to perfect extradition.

On June 11, 1964, the Governor of the State of Illinois issued a Requisition Warrant and on June 15, 1964, the Governor of the State of Minnesota issued a Rendition Warrant. Defendant's first appearance in the District Court was on the 24th day of June, 1964, and a continuance was requested to June 30, 1964. On the 30th day of June, 1964, defendant appeared in the District Court, and requested a hearing on bail as established on the burglary charge on the Governor's Warrant. On the 10th day of July, 1964, a Governor's Hearing was held which was continued at the mutual consent of counsel in an attempt to effect an agreement regarding disposition of the pending cases. It appears from the record that the State of Illinois was in continuous contact with the County Attorney's office of the State of Minnesota in an effort to find out when the defendant could be picked up. The State of Illinois was finally informed that defendant could

be picked up on October 6, 1964, and by October 8, 1964, defendant was returned to Rock Island County, Illinois.

On appeal in this court, defendant asserts that since he was held in Minnesota on a charge in which bail was set at $30,000 and since bail on the Rock Island County charge and the Fugitive Warrant was set at $50,000, he was deprived of due process of law by being continuously imprisoned from April 23, 1964, until the trial commenced on October 26, 1964. Under the provisions of Illinois Revised Statutes (1963 Ill Rev Stats, c 38 § 103–5) it is specifically provided that every person "in custody in this State" for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant. It is apparent from the language of that act that to come within the specific language of the statutory provisions, the defendant must have been confined in the State of Illinois. The record shows that he was always in custody of the State of Minnesota, until removed to Illinois. Defendant was actually out on bail on the burglary charges in the State of Minnesota until April 23, 1964. On that day he was arrested on a Fugitive Warrant from the State of Illinois. Thereafter, the bond of defendant on the Minnesota charge was raised to $30,000 and the bond on the Illinois warrant to $50,000. Defendant remained in custody of the Minnesota authorities by reason of action of Minnesota authorities.

 Under the prior act which was applicable in the State of Illinois (1963 Ill Rev Stats, c 38 § 748) and which was repealed as of January 19, 1964, the 120-day period referred to commenced to run from the date of confinement in Illinois and not from the date of arrest outside the State (People v. Hayes, 23 Ill2d 527, 529, 179 NE2d 660). It is also apparent from the record that there is no showing that the delay in being brought to trial in the State of Illinois did not result from defendant's acts. As indicated in People v. Jones, 33 Ill2d 357,

310

361, 211 NE2d 261 it is incumbent upon defendant to show in an application for discharge, under the four-month rule, that he was committed, gave no bail and was not tried within four months thereafter and that the delay did not happen on his application. Without specifically considering the 120-day rule, on the basis of the record before us, which shows efforts on part of the State of Illinois to obtain custody of defendant, defendant's constitutional rights were not violated. As indicated by our Supreme Court in People v. Moriarity, 33 Ill2d 606, 611, 213 NE2d 516, the Illinois authorities moved to secure custody of defendant once his whereabouts became known. It cannot be said on the record in this case that the delay in trial was so arbitrary or oppressive as to deprive defendant of his right to a speedy trial.

■ On the other issue raised by defendant, it is clear from the record that the store manager, Mr. Binning, positively identified defendant who had pointed a gun at him, in very close proximity to such witness. He was also positively identified by another person who was in the store as the man who had the gun. Such witness refused to identify any of the other defendants who were being tried but remembered defendant Terlikowski very clearly. The circumstance that Binning was confused as to defendant's weight thinking that he might have been a much heavier man would not discredit his identification since he was ,very positive of the identification on trial of the cause. The other witness also clearly identified the defendant and the evidence of only one witness would be sufficient to positively identify defendant (People v. Lamphear, 6 Ill2d 346, 356, 128 NE2d 892).

■ ■ We had previously considered another case involving another defendant who was convicted as a fellow defendant in People v. Derengowski, 67 Ill App2d 66, 213 NE2d 618. In that case we pointed out that positive identification by one witness who has ample opportunity for observation would be enough to support a conviction.

311

The identification of defendant Terlikowski was more positive than that of the other two defendants. Even though there were inconsistencies in the testimony of one witness as to the estimate of weight of defendant, between 160 to 220 pounds, such estimate is not sufficient to cast real doubt that the accused was properly identified, and such inconsistency would not preclude conviction on the ground of insufficiency of identification evidence, particularly in view of the positive identification by two witnesses.

Since we find no reversible error in the record, the judgment and sentence of the Circuit Court of Rock Island County will be affirmed.

Affirmed.

STOUDER, P. J. and CORYN, J., concur.