**People of the State of Illinois, Plaintiff-Appellee, v. Robert T. Keyes, Defendant-Appellant.**

**Gen. No. 52,781.**

First District, First Division.

December 15, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Professor James R. Thompson, Northwestern University School of Law, Theodore A. Gottfried and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The appellant, Robert T. Keyes, has appealed his conviction for murder, after a trial by a jury, for which sentence was fixed at fourteen to twenty years in the penitentiary. He contends that the giving of a flight instruction in the absence of flight was error and that the court committed error by convening without a court clerk being present during a portion of the proceedings.

We will briefly summarize the evidence. The homicide occurred on November 26, 1966, at 8:00 p. m. in the apartment of Frank Jordan, the deceased. Mrs. Ruth Jordan, wife of the deceased, and her eight children, whose father is the defendant, Mrs. Jordan's former husband, were at home at the time. Mrs. Jordan testified that her daughter, Linda, told her someone was coming up the stairs. When Mrs. Jordan asked who it was, a man answered "the boogieman" and then "L. C." which were the initials of her brother. She opened the door and the defendant entered with a shotgun in his hand. Mrs. Jordan screamed "shotgun" and ran toward the bedroom where her husband was. She testified that her husband came out of the bedroom unclothed and with nothing in his hands. She said that as Mr. Jordan passed her, the defendant shot him at close range and killed him. Her daughter, who was fourteen, corroborated her mother's testimony.

The defendant concurred with his former wife as to how he gained entrance to the apartment, but his version of what took place thereafter is different. He said that he had just returned from a hunting trip and carried his shotgun at his side as he entered the apartment to visit his children. When he entered the apartment, his former wife screamed and attempted to grab the gun. The deceased, who was nude, came running at him with a kitchen knife in his hand. The defendant testified that

he was unable to retreat and shot the deceased out of fear for his life.

The first point urged is that the giving of a flight instruction was improper because there was no evidentiary basis for it. The record reveals that after the incident the defendant went to Indiana where he disposed of his weapon. When he returned to Chicago, the defendant did not go to his own home, but went to a friend's home. The defendant claimed that he had gone to 26th and California to see if he was wanted for questioning, but was told that he wasn't. However, Officer Claude Wiley, Jr. testified that the police had been looking for the defendant since they learned of the shooting. They apprehended him on December 17, 1966, over three weeks after the shooting, outside a drugstore.

■■ It is thus uncontradicted that although the defendant claimed self-defense, he left after the homicide not for his home, but for Indiana where he disposed of his shotgun. When he returned to Chicago he did not then go to his home, but went instead to a friend's home. He was not apprehended in a matter of hours or at his residence, but was arrested over three weeks later after a police search for him. Whether these facts amounted to flight and could thus be considered as tending to prove guilt was a proper question for the jury. People v. Lofton, 64 Ill App2d 238, 244, 212 NE2d 705, 708. The jury was not required to believe the defendant's assertion that he went to 26th and California to surrender and was told that he wasn't wanted. The giving of the flight instruction was therefore proper since there was an evidentiary basis for it.

The cases on which the defendant relies have no application to the facts of the present case. In People v. Herbert, 361 Ill 64, 196 NE 821, there was no evidence of flight except the testimony of a police officer that he had

been looking for the defendant and was unable to find him for three months. In that case, the defendant denied he was the person who shot and killed the deceased and testified he had never seen or heard of the deceased. In People v. Weisberg, 396 Ill 412, 71 NE2d 671, cert denied 331 US 826, and People v. Johnson, 75 Ill App2d 231, 220 NE2d 261, the defendants were apprehended within an hour of the crime at their homes. In the present case, the defendant admitted leaving the jurisdiction and then returning, not to his residence, but to a friend's home. In Weisberg and Johnson where, unlike the present case, there was no evidentiary basis for the giving of the flight instruction, it was held that the improper giving of the flight instruction was not reversible error since the jury could distinguish between fleeing and going home.

██ It is next contended that the absence of the court clerk during part of the proceedings, after the close of the evidence, was reversible error. The defendant has not alleged any way in which this prejudiced his case. After reviewing the record, we consider this contention to be without merit.

For the reasons given the judgment is affirmed.

Affirmed.

ADESKO, P. J. and MURPHY, J., concur.