THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* WILLIE C. MOORE, Defendant-Appellee.

(No. 12469;

Fourth District—March 20, 1975.

Robert J. Bier, State's Attorney, of Quincy (Paul Kolodziej, Assistant State's Attorney, of counsel), for the People.

Donald R. Schuering, Public Defender, of Quincy, for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the option of the court:

The State appeals from the granting by the trial court of defense counsel's motion to discharge the defendant because he had not been

brought to trial within the applicable statutory period. The State concedes that the only issue remaining to be decided by this court is whether the trial court erred in finding that defendant's request for a preliminary hearing on a certain date did not toll the running of the statute.

On May 10, 1973, defendant, Willie C. Moore, was charged by information with two counts of armed robbery. Defendant was arrested on that same date and bail was set. On May 11, 1973, defendant's request for a reduction of bond was denied. Defendant then requested a preliminary hearing. The date of May 22, 1973, was set by agreement, and on that date defendant was bound over to the grand jury. On July 12, 1973, defendant was indicted. On July 16, 1973, defendant was arraigned and entered a plea of not guilty. The cause was set for jury trial on September 10, 1973. On July 26, 1973, defendant filed a motion to suppress identification testimony. On August 2, 1973, defendant moved to dismiss its motion to suppress the identification testimony, and on August 6, 1973, said motion was granted. On August 21, 1973, the State filed a motion for disclosure of an alibi defense. On September 7, 1973, defense counsel filed a petition to discharge alleging that more than 120 days had expired without bringing defendant to trial. On that same date defendant also made a motion for a bill of particulars and a severance. On September 11, 1973, the State moved for a continuance of the hearing on defendant's motions alleging that it had not had enough time to prepare for the motions. A continuance was granted, and a hearing was held on September 14, 1973. On that date the trial court granted defendant's motion and entered an order discharging defendant from custody.

■■ Section 103—5(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 103—5) states:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody *unless delay is occasioned by the defendant,* * * * by a competency hearing, * * * or by an interlocutory appeal." (Emphasis added.)

It is contended by the State before this court that defendant's May 11 request for a preliminary hearing on May 22 was delay occasioned by defendant. We do not agree. It is well established that a continuance sought and obtained by the defendant tolls the running of the statutory period. (*People v. Bagato,* 27 Ill.2d 165, 188 N.E.2d 716.) In the instant case, however, defendant did not seek a continuance, but merely requested that the preliminary hearing, to which he is constitutionally entitled, be held on a certain date. That date was agreed to by the State. This can in no fashion be interpreted as a request for a con-

tinuance of a preliminary hearing or as delay occasioned by defendant. Hence, the trial court did not err in discharging defendant at the expiration of the 120-day period.

Accordingly, the order of the circuit court of Adams County discharging defendant from custody is hereby affirmed.

Order affirmed.

CRAVEN and GREEN, JJ., concur.