The People of the State of Illinois, Plaintiff-Appellant, *v.* Clyde Uryasz, Defendant-Appellee.

(No. 74-217;

Third District—October 23, 1975.

Michael M. Mihm, State's Attorney, of Peoria (James O. Christy, Assistant State's Attorney, of counsel), for the People.

Michael W. Heller, of Peoria, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Upon defendant's motion for discharge, the trial court dismissed an indictment charging aggravated battery for the reason that defendant was not tried within 160 days as provided in section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., ch. 38, § 103—5(b)). The prosecution appeals. The statute provides in part that "[e]very person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless the delay is occasioned by the defendant * * *." The resolution of this issue requires a chronological review of the pertinent events from the time of defendant's arrest through the date of his discharge.

Defendant was arrested and charged with aggravated battery on September 9, 1973, and posted bail on September 11, 1973. On September 24, 1973, defendant was arraigned and filed a demand for speedy trial. On motion of the prosecution, agreed to by defendant, the court set October 25, 1973, for preliminary hearing and on that date the State was granted a continuance for preliminary hearing to November 29, 1973. On January 22, 1974, defendant was indicted. He was arraigned on

February 6, 1974; on the same day defendant requested discovery, and the State was ordered to furnish it by February 20. Defendant was ordered to file any motions by March 5, and to enter a plea by March 14. No motions having been filed, the defendant tendered a petition for discharge on March 14, 1974, claiming that the 160-day period expired on March 4, 1974. After briefs were filed and a hearing held on April 4, 1974, the court discharged defendant.

■■ It is clear from the record that defendant was not brought to trial within 160 days from the date he filed a demand for a speedy trial. The controlling question in determining if the defendant was entitled to discharge under the 160-day rule is whether the delay of the trial beyond 160 days was "occasioned by the defendant," and, if answered affirmatively, he was not entitled to discharge. The State contends that defendant's agreement to set the preliminary hearing for October 25, 1973, constituted a delay occasioned by defendant. We do not agree. The record supports the defendant's contention that the October 25 date was set by the court, and he merely agreed to the date and did not seek a delay in holding the preliminary hearing. A similar situation appeared in *People v. Moore*, 26 Ill.App.3d 282, 283, 325 N.E.2d 33, 34 (4th Dist. 1975); the court said, "This can in no fashion be interpreted as a request for a continuance of a preliminary hearing or as a delay occasioned by defendant."

Coming to the State's next contention, we do not believe that defendant's motion for discovery filed on February 6, 1974, or the setting of a date to file any motions by the defendant by March 5, 1974, were delays occasioned by the defendant. This contention was specifically rejected in *People v. Scott*, 13 Ill.App.3d 620, 301 N.E.2d 118 (1st Dist. 1973), and in *People v. Vanderbilt*, 27 Ill.App.3d 168, 326 N.E.2d 418 (1st Dist. 1975). See also *People v. Nunnery*, 54 Ill.2d 372, 297 N.E.2d 129 (1973).

■■ The State's theory that the defendant's motion for discharge constituted a delay occasioned by defendant is without merit. The defendant has a constitutional right to a speedy trial, and section 103—5(b) requires the defendant to file a motion in order to assert a denial of his right to a speedy trial. The State's contention comes into direct conflict with defendant's requirement to make application for discharge to avoid waiver of his right to a speedy trial. *People v. Kelley*, 105 Ill.App.2d 481, 244 N.E.2d 818 (4th Dist. 1969).

Since the demand for speedy trial was filed on September 24, 1973, and is a part of the trial court common-law record with a copy served by mail on the People, the State's argument that they did not have *actual* knowledge of the demand for speedy trial is frivolous and without merit.

■■ Upon consideration of all the circumstances, we conclude there was no delay occasioned by the defendant and the circuit court did not err in discharging him.

For the reasons stated, the order of the Circuit Court of Peoria County will, therefore, be affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.