THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN BEYAH, Defendant-Appellant.

First District (5th Division) No. 62444

Opinion filed October 8, 1976.

James Geis and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael E. Shabat, and James Meltreger, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

A jury found defendant guilty of burglary, and he was sentenced to a term of 4 to 12 years. On appeal, he contends he should have been discharged because he was not tried within 120 days, as required by section 103—5 of the Code of Criminal Procedure of 1963. Ill. Rev. Stat. 1971, ch. 38, par. 103—5.

The pertinent portions of the record disclose that defendant was arrested and charged with burglary on July 25, 1972. Bond was set, but he remained in custody and was subsequently indicted on September 15, 1972. The public defender was appointed to represent him, and after his

arraignment his counsel moved on September 27, 1972, for a reduction of bond. A hearing was held on that date, during which the court heard testimony from defendant and then, as the prosecutor began to read defendant's criminal record, the court interrupted and the following colloquy occurred:

"THE COURT: I will give you an early date.

MR. GOLDBERG (Assistant State's Attorney):—served time in the House of Correction—

THE COURT: Motion for bond reduction denied. Go ahead, pick a date.

MR. GOLDBERG: I have got others.

THE COURT: I haven't got time. Pick a date. We'll give him a trial. I can't talk about bond. If you're innocent, you walk out. If you're guilty, you go to jail.

MR. WALTERS (Assistant Public Defender): Set it down for three weeks from today.

THE COURT: How about October 18?

THE DEFENDANT: Can I get one earlier than that?

THE COURT: I can't give you one earlier than that. Motion Defendant, with subpoenas, October 18."

On October 18, the trial was postponed by order of court until November 21, when defendant announced he was ready to proceed, but the trial was continued on the State's motion until December 14. Upon the call of the case for trial on that date, defendant moved for a fourth term discharge, with the argument focusing on the question of whether defendant had requested or agreed to the continuance on September 27, 1972, after the court had denied his motion to reduce bond. His counsel argued that although the record indicated the setting of a new trial date had been on motion of defendant, the continuance had actually been upon the court's initiative when defense counsel was directed to "pick a date." Conversely, the State posits that the reply of defense counsel to "set it down for three weeks from today" and defendant's request at the same time for an earlier trial date constituted either a request for or an acquiescence in the delay of trial.

At the close of the arguments, the motion to discharge was denied, with the trial judge indicating that regardless of the language used in the order of September 27, 1972, the continuance had been in effect, by agreement, because the trial could not have proceeded that day inasmuch as both attorneys were then engaged in the trial of another case before him.

Opinion

■■ Defendant contends he was not tried within 120 days while he remained in custody and that he did not delay the proceedings during this

period. The Code of Criminal Procedure of 1963 provides in pertinent part:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *." (Ill. Rev. Stat. 1971, ch. 38, par. 103—5(a).)

Delay has been held to have been "occasioned by defendant" where (1) a continuance has been requested by him (*People v. Kuczynski* (1965), 33 Ill. 2d 412, 211 N.E.2d 687; *People v. Stahl* (1962), 26 Ill. 2d 403, 186 N.E.2d 349); (2) he agrees to a continuance (*People v. Green* (1962), 23 Ill. 2d 584, 179 N.E.2d 644; *People v. Knox* (1968), 94 Ill. App. 2d 36, 236 N.E.2d 384; *People v. Canada* (1967), 81 Ill. App. 2d 220, 225 N.E.2d 639); or (3) his actions otherwise cause or contribute to delay (*People v. Fosdick* (1967), 36 Ill. 2d 524, 224 N.E.2d 242; *People v. Benjamin* (1966), 34 Ill. 2d 183, 215 N.E.2d 216; *People v. Faulisi* (1966), 34 Ill. 2d 187, 215 N.E.2d 276; *People v. Hayes* (1962), 23 Ill. 2d 527, 179 N.E.2d 660). In seeking a discharge, defendant bears the burden of showing that his right to a speedy trial has been violated. (*People v. Nettles* (1969), 107 Ill. App. 2d 143, 246 N.E.2d 29.) This burden includes a demonstration that he caused no delay (*People v. Walton* (1969), 110 Ill. App. 2d 115, 249 N.E.2d 170; *People v. Terlikowski* (1967), 83 Ill. App. 2d 307, 227 N.E.2d 521), which fact the record must affirmatively establish (*People v. Jones* (1965), 33 Ill. 2d 357, 211 N.E.2d 261, *cert. denied*, 385 U.S. 854).

■■ Where the record is unclear, the court of review must inquire into the surrounding circumstances to ascertain whether defendant did in fact occasion delay. (*People v. Gooding* (1975), 61 Ill. 2d 298, 335 N.E.2d 769.) In the instant case, the colloquy on September 27 presents the somewhat unusual situation in which the court initiated the discussion of a continuance and, although no express request was made therefor by defendant or his attorney, the delay in question was captioned by the court as "Motion Defendant." The record, however, clears up any apparent ambiguity by revealing that defendant could not have proceeded to trial on that day, as his counsel was engaged in the trial of another case before the same judge. Thus, he could not have denied his need for a continuance of trial and, had the court not initiated the discussion, defendant necessarily would have been required to request a postponement. Further, it appears to us that defendant and his counsel, by their statements, demonstrated tacit agreement to the granting of a continuance, although there was some difference of opinion as to the optimum length. In view thereof, defendant must be deemed to have agreed to the delay and to have tolled the running of the statute. (*People v. Hudson* (1970), 46 Ill. 2d 177, 263 N.E.2d 473; *People v. Santa* (1976), 36 Ill. App. 3d 289, 343 N.E.2d 512; *People v. Wicks* (1969), 115 Ill. App. 2d

19, 252 N.E.2d 698; *People v. Johnson* (1966), 75 Ill. App. 2d 231, 220 N.E.2d 261.) More importantly, it has been specifically held that where defense counsel is engaged elsewhere, the delay is occasioned by defendant. (*People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840, *cert. denied*, 402 U.S. 972.) This holding would be particularly applicable where, as here, the engagement is before the same judge.

■■ Defendant's reliance upon cases such as *People v. Wyatt* (1962), 24 Ill. 2d 151, 180 N.E.2d 478, *People v. House* (1957), 10 Ill. 2d 556, 141 N.E.2d 12, *People v. Uryasz* (1975), 32 Ill. App. 3d 825, 336 N.E.2d 813, and *People v. Moore* (1975), 26 Ill. App. 3d 282, 325 N.E.2d 33, wherein defendants were discharged when the overture regarding a continuance was initiated by the court and the defense either made no reply or merely participated in setting a date, is misplaced. None of these cases involved facts similar to those in the instant case, where defense counsel was actually engaged in the trial of another case before the same judge. Although it would have been preferable had the trial court here inquired of defense counsel whether he wished to move for a postponement or whether he agreed to a continuance, it appears to us that such inquiry was not required where the circumstances surrounding the continuance clearly indicate that it necessarily was by agreement. Moreover, in the absence of any objection to "Motion Defendant" caption by the court, we believe the court could properly have assumed, in view of the engagement of his counsel, that defendant was agreeing to the continuance. We conclude that there is no merit to defendant's argument that the running of the statute was not tolled by the continuance of September 27, 1972.

For the foregoing reasons, the judgment is affirmed.

Affirmed.

LORENZ, P. J., and BARRETT, J., concur.