THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES CRISS, Defendant-Appellant.

First District (5th Division)   No. 63229

Opinion filed February 10, 1977.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Larry L. Thompson, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

A jury found defendant guilty of murder and armed robbery, and he was sentenced to a term of 25-35 years for the murder with no sentence given for the armed robbery. The issue on appeal concerns whether the trial court properly denied defendant's motion for discharge on the ground that he was not tried within 120 days from the date he was taken into custody, as required by section 103—5(a) of the Code of Criminal Procedure. Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a).

Following defendant's indictment, numerous continuances were granted by the trial court until October 30, 1974, when he answered "ready" for trial. The case was then continued on the State's motion to November 20, 1974, when it was continued by agreement to December 18, 1974. On the latter date, the court entered an order continuing the case to January 17, 1975, "by agreement." On the 120th day thereafter, May 16, 1975, the case proceeded to trial, and defendant preliminarily moved for discharge under the 120-day provision, alleging that no continuances were sought or caused by him after November 20, 1974. Because its record showed that the continuance of December 18, 1974, was by agreement, the court denied the motion for discharge.

Opinion

The Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a)) in pertinent part provides:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, * * *."

It is defendant's position here that although he agreed to a continuance on December 18, 1974, to January 17, 1975, that in fact this continuance was neither sought nor caused by him and, thus, that his motion for discharge should have been granted.

The record discloses there were two indictments arising from the same incident—one as to defendant and Lucillius Smith, and the other involving one Ellis Smith. Both were called on December 18, 1974, and a motion was made by the State to consolidate. The attorney for Ellis Smith objected to the motion and asked for a continuance, because he had not received requested discovery. Both of the Smiths and their attorneys agreed with the State that the cases be continued to January 17, 1975. Defendant was present but did not participate in the continuance discussions, because his attorney had temporarily left the courtroom. When his attorney returned, the following colloquy occurred.

> "The Court: Mr. Howse, what is your pleasure on Mr. Criss?
>
> Mr. Howse: That is fine with me; it can be by agreement to January 17th.
>
> The Court: Mr. Criss, you are also agreeing to a continuance to January 17th?
>
> The Defendant: Yes, sir.
>
> The Court: By agreement then, all three defendants."

In support of his position that the delay on December 18 was not caused by him, defendant refers us to *People v. Uryasz* (1975), 32 Ill. App. 3d 825, 336 N.E.2d 813, and *People v. Moore* (1975), 26 Ill. App. 3d 282, 325 N.E.2d 33, which we deem not to be controlling. In *Uryasz*, on defendant's arraignment the State requested a preliminary hearing, to which defendant agreed, and a date was then set by the court. In *Moore*, on the day after his arrest at a bond hearing, defendant requested a preliminary hearing, and a date was then set by agreement. In neither case did defendant seek any delay in the holding of the preliminary hearing, and in each case it was held that a request to hold a preliminary hearing was not an agreement to continue so as to occasion a delay within the meaning of section 103—5 of the Code of Criminal Procedures.

■■ In *People v. Green* (1962), 23 Ill. 2d 584, 590-91, 179 N.E.2d 644, 647, the court in rejecting a contention that the 120-day provision should apply, stated:

"[O]n July 27, 1959, defense counsel was asked by the court if he would be ready for trial prior to the fall term and was informed by the defense counsel that he would rather wait for trial at the fall term and have the setting made accordingly. Thereupon, by mutual consent of the State's Attorney and defense counsel, the cause was continued to September 9, 1959. Defendant thereby waived his right to be tried within four months from July 6, 1959, the date of his arrest and committment [*sic*]."

Also, in *People v. Shields* (1974), 58 Ill. 2d 202, 204, 317 N.E.2d 529-30, cited by defendant in his reply brief, the court in considering the application of the 120-day provision, stated " "* * * the criterion in each case is whether the defendant's acts in fact caused or contributed to the delay.' "

■■ The trial court here had continued the case of Ellis Smith and the instant case as to Lucillius Smith to January 17, 1974. Then, after the return of defendant's attorney to the courtroom and, so far as the record is concerned, before he was informed by the court as to the continuances with respect to the Smiths, plaintiff's attorney was asked by the court, "What is your pleasure as to Mr. Criss?" It appears to us that it was then the pleasure of defendant's attorney to either move for a severance and an immediate trial as to his client or to agree to the continuance, and his reply—before the court had mentioned any date—that he agreed to a continuance to January 17, was an acceptance of the latter alternative. We note also that defendant was present during the discussions which led to the continuances as to the Smiths and, after his attorney returned and agreed to the new date, that defendant also specifically agreed to it. Under such circumstances, we hold that in agreeing to a continuance, rather than demanding trial on December 18, 1974, defendant contributed to the delay of the trial to January 17, 1975 (see *Shields; Green*), and that the court properly denied his motion for discharge.

The judgment is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.