(No. 32650.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD TAMBORSKI, Plaintiff in Error.

*Opinion filed September 24, 1953.*

EMMETT F. BYRNE, of Chicago, (ODE L. RANKIN, of counsel,) for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Richard Tamborski was indicted for the crime of murder in the criminal court of Cook County. He was tried by jury, found guilty and sentenced to imprisonment in the penitentiary for a term of seventeen years. To review the judgment of conviction, he prosecutes the present writ of error.

The only error assigned is that the trial court erred in failing to discharge defendant for want of prosecution pursuant to section 18 of division XIII of the Criminal Code (Ill. Rev. Stat. 1951, chap. 38, par. 748,) which provides as follows: "Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satis-

fied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence may be procured at a later day in which case the court may continue the cause for not more than sixty (60) days. If any such person shall have been admitted to bail for an alleged offense, other than a capital offense, he shall be entitled, on demand, to be tried within four months after such demand: Provided, that if the court shall be satisfied that due exertion has been made to procure the evidence on behalf of the People and that there is reasonable ground to believe such evidence may be procured at a later day the court may continue the cause for not more than sixty (60) days."

Three separate motions for discharge were made by defendant in the trial court, each of which was denied. A proper understanding of the issues involved in these motions will be aided by a complete statement of the material facts, which are as follows:

June 25, 1949—Armed robbery of Brink's truck resulting in killing of Joseph Kozoil and Joseph Den.

August 19, 1949—Defendant surrendered to Federal Bureau of Investigation in Alaska and was returned to Chicago.

September 2, 1949—Defendant committed to county jail without bail by municipal court on charge of murder of Joseph Den.

September 16, 1949—Three indictments returned. No. 49-1746 charged defendant jointly with Joseph Jakalski, James Hoyland, and David Edgerly with the murder of Joseph Den. No. 49-1747 charged defendant jointly with the same persons with murder of Joseph Kozoil. No. 49-1748 charged defendant jointly with the same persons with robbery.

September 21, 1949—Municipal court complaint dismissed.

September 23, 1949—Defendant arraigned and pleaded not guilty to all indictments.

October 20, 1949—Defendant filed motion for severance. Jakalski filed motion for severance.

October 24, 1949—Tamborski and Jakalski granted severance from other defendants, but denied severance from each other.

November 25, 1949—Tamborski moved for severance from Jakalski on No. 49-1746. Motion denied. Counsel for Jakalski moved for a continuance. Hearing on this motion continued until November 28, 1949. State's Attorney stated to court that he was having trouble locating a witness and that therefore he was a agreeable to a continuance. The court remarked, "If it goes over, it will have to go over until after the first of the year," to which the State's Attorney replied, "That is what I would have to ask for, too."

November 28, 1949—Defendant demanded trial. The motion of counsel for Jakalski for a continuance was allowed and the cause as to each defendant was continued to January 9, 1950.

January 9, 1950—First motion by defendant for discharge under section 748 of Criminal Code, commonly referred to as the "four-month statute." (Judge Klarkowski presiding.) Defendant alleged confinement on charge of murder of Joseph Den since September 2, 1949, the date on which he was committed by municipal court, and further alleged that at no time did he seek to delay trial. The motion was denied upon the grounds that the continuance of November 28 was to enable the State to procure evidence, and since the continuance was for less than sixty days, it was within the proviso of the statute.

January 11, 1950–February 10, 1950—Defendant and Jakalski were tried under indictment 49-1747 for Kozoil murder and found not guilty.

February 14, 1950—On motion of defendant, cause continued until March 20, 1950.

March 20, 1950—By agreement, cause No. 49-1746 continued until May 8, 1950.

May 3, 1950—Defendant granted severance from Jakalski.

May 8, 1950—Defendant demanded trial.

May 8, 1950–May 18, 1950—Jakalski tried by jury and found not guilty.

May 22, 1950—On motion of State, cause continued until June 14, 1950.

June 14, 1950—By order of court, cause continued to June 19, 1950.

June 19, 1950—By order of court, cause held on call.

June 29, 1950—On motion of defendant, cause continued until July 6, 1950.

July 6, 1950—Defendant demanded trial. By order of court, cause continued.

August 10, 1950—Defendant demanded trial. On motion of State cause stricken, with leave to reinstate. Defendant taken into custody by U.S. Marshal.

September 16, 1950—Defendant demanded trial.

October 3, 1950—Defendant demanded trial.

November 6, 1950—Indictment No. 49-1746 nolle prossed. Defendant demanded trial.

June 16, 1951—Defendant tried in U.S. District Court for aggravated bank robbery arising out of same facts as indictment 49-1746 and found not guilty. He was immediately taken in custody by sheriff on municipal court warrant charging murder of Joseph Den (same charge as 49-1746).

July 18, 1951—Indictment 51-1384 returned charging murder of Den.

July 25, 1951—Second motion for discharge under section 748 of Criminal Code. (Judge Padden presiding.) This motion alleged the same facts as the motion before Judge Klarkowski. The hearing on the motion was continued until August 1, 1951.

August 1, 1951—Hearing on motion. Continued until August 10, 1951.

August 10, 1951—Motion for discharge denied. Defendant pleaded not guilty. Case continued until September 17 by order of court.

September 17, 1951—Defendant demands trial. State asked for continuance to October 22, 1951. Order entered continuing case for trial to October 22, 1951.

October 22, 1951—Third motion for discharge under Section 748 of Criminal Code alleging continuous confinement since June 16, 1951, more than four months prior to motion. This motion was denied by Judge Crowley, on the basis that defendant caused delay of trial by moving for discharge on July 25, 1951, and that four months did not start until August 10, 1951, when that motion was denied.

October 22, 1951–October 31, 1951—Defendant tried by jury, convicted and sentenced to seventeen years, from which judgment he prosecutes the present writ of error.

The ruling of Judge Klarkowski on the first motion was not a final order and could not be reviewed by writ of error. (*Healy* v. *People,* 193 Ill. 370.) Hence, this ruling was not binding upon Judge Padden in the second proceedings and it was therefore proper for him to consider the motion for discharge, even though a substantially similar motion had been denied by Judge Klarkowski. The ruling of Judge Klarkowski is not actually before us, except to the extent that the bill of exceptions at the hearing before him was introduced in evidence at the hearing of the second motion before Judge Padden. However, the record of the proceedings on the second motion has been preserved by a properly certified bill of exceptions and the ruling of Judge Padden thereon is subject to review by this writ of error. (*People* v. *White,* 405 Ill. 152.) From a careful examination of the record of these proceedings, we are of the opinion that the court properly denied the second motion. The date upon which the four months commenced to run was September 2, 1949, the date upon which he was confined on the warrant charging him with the murder of

Joseph Den. (*Guthmann* v. *People,* 203 Ill. 260.) It is conceded that the defendant made no application for delay and, in fact, demanded immediate trial. The four-month period therefore expired January 2, 1950, and in the absence of further evidence, defendant was entitled to discharge on January 9. However, on November 25, 1949, the State explained to the court that they were unable to have a key witness present and requested that the case be continued until after the first of the year. It is the State's contention that this continuance, being for less than sixty days, came within the proviso of the statute and that defendant was therefore not entitled to discharge. It is true that the State made no formal motion for a continuance, while such a motion was made by defendant's codefendant, Jakalski. The statute does not require such a motion. It provides that if the court shall be satisfied that due exertion has been made to procure the evidence on behalf of the People and that there is reasonable ground to believe such evidence may be procured at a later day, the court may continue the cause for not more than sixty days. The continuance ordered by the court after the showing made by the State was squarely within the meaning of the above quoted language. The ruling of the court on the second motion was therefore correct.

An entirely different set of facts is involved in the third motion. In that motion defendant alleged that he was confined on the charge of murdering Joseph Den on June 16, 1951, when he was arrested by State authorities following his acquittal in Federal court. This confinement was continuous until October 22, 1951, a period of more than four months; hence, the defendant contends that he is entitled to discharge. The trial court held that he was not, upon the reasoning that when defendant moved for discharge on July 25, 1951, based upon his earlier confinement in 1949, he thereby delayed the trial. It has long been settled that where a prisoner obtains a continuance or in any

way, by his own action, causes a delay in his trial, he is not entitled to discharge. We are unable to agree, however that the motion for discharge on July 25, 1951, was such an act as would delay the trial. Defendant did not seek thereby to delay his trial—he sought discharge. Nor does the fact that the trial court did not immediately hear his motion and later took it under advisement tend to show that the trial was delayed by any act on the part of defendant. The fact that both the first and third motions were heard and decided on the date they were presented shows that such a motion does not involve a delay in trial. In fact, after the third motion was disposed of, the court proceeded to trial on the same day.

In a proceeding for discharge under this statute, a defendant must show in substance that he was committed, gave no bail, was not tried within a period of four months thereafter, and that the delay of trial did not happen on his application. (*People* v. *Emblem*, 362 Ill. 142.) The record must affirmatively show that the conditions precedent prescribed by the statute for his right to release exist. (*People* v. *Hotz*, 261 Ill. 239; *People* v. *Linder*, 262 Ill. 223.) If a defendant in a motion for his discharge under such statute relies upon facts *dehors* the record, such facts must be preserved in the record; otherwise, the court will not recognize such facts as existing. (*People* v. *Linder*, 262 Ill. 223.) By the same token, if the State has a defense *dehors* the record to such a motion, the State must present such facts and preserve them in the record, or the court cannot recognize such facts as existing.

On the first motion for discharge, evidence was introduced by the State as to what transpired at a prior hearing on a motion for continuance and preserved by a bill of exceptions, showing that such continuance was within the statutory proviso of sixty days for obtaining State's evidence. On the second motion for discharge the bill of exceptions was introduced in evidence and all preserved in

the record. Thus, on the first two motions, the State has presented and preserved facts *dehors* the record in defense thereto.

On the third motion for discharge, however, the State presented only a legal defense, that the delay from July 25 to August 10 in passing on defendant's second motion was caused by the defendant and stopped the four months' period from running. No other defense is shown by the record to have been made.

The abstract of record as to the proceedings on August 10 shows as follows: "Parties present on August 10, 1951, before Judge Crowley; defendant ready for trial, cause continued by order of court to September 17, 1951."

As to the proceedings of September 17, 1951, the abstract shows as follows: "Proceedings of September 17, 1951, shows parties present and defendant files written demand for trial. On motion of State's Attorney cause continued to October 22, 1951."

Bills of exceptions of the proceedings had on October 22, 1951, on the third motion for discharge, shows that at the request of the State's Attorney and by stipulation the record was made to show all previous orders; and as to the proceedings on August 10, 1951, the bill of exceptions shows as follows: "On August 10, 1951, Judge Padden entered an order overruling the motion for discharge under the Fourth Term Act and allowed them to file bill of exceptions in ninety days, and the defendant entered a plea of not guilty on the arraignment and the cause was assigned to Judge Crowley."

"On August 10, 1951, the parties appeared before Judge Crowley and on order of court the case was set for September 17, 1951, the defendant answering ready for trial and demanding trial on August 10, 1951."

The bill of exceptions also shows the stipulation on October 22 as follows: "On September 17, 1951, before Judge Crowley, the State moved for and received continu-

ance to October 22, 1951, and the defendant filed his written demand for trial and was ready for trial."

A supplemental and additional abstract of proceedings held on July 2, 1953, on the State's motion to amend the original bill of exceptions, has been filed by leave of court, wherein the trial court, in passing on said motion, stated as follows: "So, as far as this here transcript is concerned, if you want to add it to a bill of exceptions in the whole matter, it seems to me that it speaks quite plainly in the matter. If the State interprets it as a motion for continuance by Mr. Byrne, the common law record shows that there was no motion for continuance by Mr. Byrne. I so understand he didn't make any motion and the language is clear that he made no motion for continuance and he didn't acquiesce in any motion for continuance, so the court makes up the record; and if this here was intended, as part of the transcript, to interpret that record for the Supreme Court, —if the words are capable of more than one interpretation, one being that he was agreeable to it, even though he said quite distinctly several times in the same breath, and I repeated it, that he was objecting and filing a demand for trial—this court will make that record clear and unequivocal that at this time he did not consent to any delay. Whatever delay occurred on this day was the delay of the State."

As heretofore stated, the defendant's second motion for discharge was not a motion to delay trial and the delay in passing thereon is not chargeable to the defendant.

The record shows that on his third motion for discharge the defendant established a commitment for a supposed criminal offense from June 16, 1951, to October 22, 1951, a period of over four months, without having been tried by a court having jurisdiction of such offense, in spite of demands by defendant for such trial; and the defendant also showed that the delay of the trial was not on his application. Under the statute, the defendant's third motion should have been granted and he should have been set at

liberty by the court, the State having shown no continuance for statutory cause as justification for the delay.

The judgment of the criminal court of Cook County is reversed and the defendant is ordered discharged from imprisonment and set at liberty.

*Judgment reversed.*