(No. 38670.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* SAM FAULISI, Appellant.

*Opinion filed March 24, 1966.*

LEONARD JAY SCHRAGER, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and WILLIAM A. BOMP, Assistant Attorneys General, and ELMER C. KISSANE and E. ROGER HORSKY, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Sam Faulisi and four other men were indicted in the criminal court of Cook County for the crime of murder. After a separate trial before a jury he was found guilty and was sentenced to imprisonment for a minimum of 100 years and a maximum of 199. He appeals directly to this court, contending that he was deprived of the right to an impartial jury, that he was entitled to be discharged for not having been brought to trial within four months of his commitment, and that improper evidence was introduced against him, that the trial judge made prejudicial comments before the jury, and that the evidence was insufficient to prove guilt.

We first consider the claim that the defendant was entitled to discharge on the ground that he was not tried within four months. He was arrested and committed to jail on May 31, 1963, where he was confined continuously until trial began on November 22, about six months later. On November 18 his petition for discharge was denied. The statute provides, insofar as it is relevant, that "Any person committed for a criminal or supposed criminal of-

fense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence may be procured at a later day in which case the court may continue the cause for not more than sixty (60) days." (Ill. Rev. Stat. 1961, chap. 38, par. 748.) In the case at bar there is no contention that evidence on the part of the People might later be procured, the sole question being whether the delay happened "on the application of the prisoner."

The record shows that when defendant was arraigned on June 19 he requested the court to appoint a bar association lawyer to represent him. However, the court appointed the Public Defender, a plea of not guilty was entered, and the case was assigned to a trial judge. On the same day defendant appeared before the judge to whom the case was assigned where the following proceedings occurred:

"DEFENDANT SAM FAULISI: May I put in a motion for a Bar Association lawyer?

THE COURT: You want an attorney other than the Public Defender?

DEFENDANT SAM FAULISI: Yes.

DEFENDANT ROBERT FAULISI: Me too.

THE COURT: All right. Let the record show both Robert and Sam Faulisi are requesting an attorney other than the Public Defender; The court then will endeavor to appoint attorneys from the list of lawyers of the Chicago Bar Association. The State's Attorney will notify them. Will you do that?

MR. TUITE: (an assistant State's Attorney) I will.

MR. GOYER: (Attorney for another defendant) Judge, inasmuch as the Fourth Term applies in this case,

your Honor I would like to have the record show that this continuance is either by motion of the State's Attorney or by motion of the Court.

THE COURT: I'm sorry, I couldn't do that, they have asked for attorneys, that is their request. I'll have to make it by agreement.

MR. GOYER: But that motion is on behalf of the two defendants that are not represented by us.

THE COURT: I understand that.

MR. GOYER: We stand ready for trial.

THE COURT: But they still are two defendants in this case.

MR. TUITE: When were they arrested?

MR. GOYER: May 31st.

THE COURT: It's their request for other counsel.

MR. TUITE: We can make it order of Court for the two defendants that are represented and motion of the other two defendant that want the attorneys.

THE COURT: Motion defendant as far as Robert and Sam Faulisi, and it will be order of Court on the other two. July 19th.

MR. GOYER: That is Friday, your Honor.

THE COURT: July 22nd, we'll make it July 22nd.

MR. GOYER: Thank you, your Honor.

DEFENDANT SAM FAULISI: I want all confessions, I want to get a Bar Association lawyer to get all the confessions, make a change of venue and get a separate trial.

THE COURT: Well, when you get a lawyer he'll discuss it with you."

On June 28 counsel from the Chicago Bar Association entered their appearance for the defendant and on July 22 the defendant filed a motion for a severance and a motion for a list of witnesses. The hearing on the motion for severance was continued to July 26 and the State was granted ten days to file a list of witnesses. Counsel for the defend-

ant asked the prosecutor whether ten days would be sufficient and the prosecutor replied that ten days would be fine. The common law record recites that on July 26 the hearing on the motion for a separate trial was continued to August 22 on motion by counsel for the defendant. This entry incorrectly states the results of the hearing, for the transcript of the proceedings of July 26 shows that the motion for severance was allowed and the cause was continued to August 22. The court originally announced that the continuance was on motion of the defendant but when this remark was questioned by counsel for the defendant who stated that he was ready for trial, the court said that the continuance would be by order of court. As heretofore stated, the trial commenced on November 22.

In our opinion the first continuance from June 19 to July 22 was properly charged to the defendant. His request for a bar association counsel was put in the form of a motion and he also stated that he wanted to get all the confessions, "make" a change of venue and get a separate trial. Where a delay is occasioned by the request of a defendant for other counsel and the circumstances indicate that the defendant is not ready for trial, it has been held that the delay in the trial was occasioned by the defendant. (*People* v. *Stahl*, 26 Ill.2d 403; *People* v. *Hayes*, 23 Ill.2d 527, 531.) The present case is distinguishable from *People* v. *Wyatt*, 24 Ill.2d 151, and *People* v. *House*, 10 Ill.2d 556, where, at the suggestion of the court, the cases were continued to enable the defendants to obtain other counsel but the continuances were not ascribed to the defendant. Here the record clearly shows that the defendant made the request for counsel and acquiesced in the court's statement that the case was continued on defendant's motion, and we must hold that his motion tolled the statute so that the 4-month period commenced to run on July 22. In view of the fact that trial commenced on November 22, which was within 4 months thereafter, we find it unnecessary to determine

whether the motion for a severance likewise tolled the statute. We therefore hold that the trial court properly denied the defendant's motion for discharge.

The defendant's contention that he was deprived of a fair and impartial trial is based upon the following facts. The case was originally set for trial on December 9 in accordance with a motion by the State for an extension of time to procure a necessary witness. The witness was located prior to that date and the case was advanced for trial on November 22 on the State's motion, over defendant's objection. Prior to the selection of the jury, counsel for the defendant moved that the cause be continued for trial to the original date. One of the grounds stated in support of the motion was that the panel of jurors from which the jury was to be selected was the same panel from which jurors had been selected in the trial of two co-defendants which had terminated the day before in a mistrial. The court denied the motion for a continuance. Before any of the jurors were interrogated by counsel the court inquired whether any of the jurors had served on the prior jury and it appeared that none of them had actually served thereon. The court then inquired as to whether any of the prospective jurors had any knowledge of the case and a juror volunteered the information that she had been called for service on the earlier trial and stated that she had formed an opinion in the case which would prevent her from being impartial. This juror was excused. Another juror stated that he had been called on the last jury and that he had discussed the prior case in a tavern. He was likewise excused. Another juror stated that because of some things that had been said in the prior trial she felt that she could not sit as a fair and impartial juror. At this point counsel for the defendant asked the court to inquire of the juror whether she had heard anything discussed in the jury room but the court refused to put this question to the juror and

excused her. Another juror stated that she had been in the courtroom when the other case was being tried and that she heard some comments passed which prevented her from serving impartially. Four other jurors stated that they had been examined in the prior case but had been excused. They stated that there was nothing in the fact that they had been called for service on the former jury which would prejudice them.

The case is quite similar to *People* v. *Kirkpatrick,* 413 Ill. 595, where the defendant was likewise tried before a jury drawn from the same panel from which jurors had been selected for the trial of a co-defendant which resulted in a verdict of guilty. In that case we said on page 600: "Although this is not a case where the same jurors served in the separate trial of two defendants charged with the same crime, still, resolving all presumptions in favor of this defendant, it is difficult to see how a fair and impartial jury could be selected from the panel presented. (*Kleindienst* v. *United States,* 48 App. D.C. 190.) Certainly, this panel conversed with one another, discussed the various cases and was entirely aware of the proceedings and verdict in the *Bennett* case. A trial of a defendant under circumstances where he must either select his jury from a panel which has in various ways been exposed to prejudice, bias and partiality (through the prior trial and conviction of another defendant jointly accused of the same crime and in which this defendant was called as a witness and forced to claim his constitutional privileges,) or exhaust all of his challenges and accept thereafter such bystanders as are summoned by the sheriff to fill the panel, cannot be consonant with due process. Such a choice can hardly be said to insure a defendant the fair, impartial jury guaranteed by our constitution. (Const. art. II sec. 9.) It was a cardinal rule at common law that jurors, to be qualified as impartial, should stand indifferent between the parties and be wholly

free from even the suspicion of bias. This must be so if the constitutional guarantee of trial by an impartial jury is to be had. (*People* v. *Cravens,* 375 Ill. 495.) It was error to cause defendant to proceed to trial before this jury."

The only significant distinction which can be drawn between this case and *Kirkpatrick* is that in that case the defendant had been called as a witness in the former trial and had refused to testify. In our opinion the distinction is not sufficient to remove the present case from the operation of the rule expressed in the *Kirkpatrick* case. Bias and prejudice are inherent in a situation such as this and in our opinion the questioning by the court was insufficient to guarantee to the defendant his right to trial before an impartial jury. The judgment of conviction must therefore be reversed and the cause remanded for a new trial.

There are other errors alleged but most of these are of such a nature that it seems unlikely that the same situation will arise upon a new trial. We believe it appropriate, however, to briefly consider the contention that the court erred in admitting in evidence certain conversations and declarations of the defendant's alleged co-conspirators which were made outside his presence. We call attention to the rule that only such declarations as may fairly be said to be in furtherance of the conspiracy are admissible. (*People* v. *Hal,* 25 Ill.2d 577, 581.) Since the cause is to be retried we do not consider it appropriate to comment upon the sufficiency of the evidence.

The judgment of the criminal court of Cook County is reversed and the cause is remanded for a new trial in accordance with the views expressed in this opinion.

*Reversed and remanded.*