THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
LEON McKINNEY, Defendant-Appellee.

Fifth District   No. 76-379

Opinion filed March 22, 1978.

Bruce D. Irish, State's Attorney, of Mt. Vernon (Martin N. Ashley, of Illinois State's Attorneys Association, of counsel), for the People.

Michael J. Rosborough and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal by the State from the dismissal of defendant Leon McKinney's aggravated battery charge (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(8)) on the ground that he was not brought to trial within 160 days as required by section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b)).

That section provides in pertinent part as follows:

"(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant * * *."

The purpose of this section is to protect defendant's constitutional right to a speedy trial. (*People v. Hannah*, 31 Ill. App. 3d 1087, 335 N.E.2d 84.) If defendant is not tried within the prescribed period, he is entitled to release from the obligations of his bond or recognizance (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(d)) and to dismissal of the charges against him (Ill. Rev. Stat. 1975, ch. 38, par. 114—1(a)).

■■ The provision itself does not delineate how computation of the statutory period is made if delay is occasioned by defendant. It is well settled, however, that with respect to offenses committed prior to March 1, 1977 (as is the case here), delay occasioned by defendant tolls the running of the statute and a new statutory period commences to run from the date to which the case has been delayed. (*People v. Donalson*, 64 Ill. 2d 536, 356 N.E.2d 776.) With respect to offenses committed on or after March 1, 1977, delay occasioned by the defendant only temporarily suspends for the time of the delay the period in which defendant is to be tried. *People v. Donalson*; Ill. Rev. Stat. 1975, ch. 38, par. 103—5(f).

The trial court in this case entered an order on July 1, 1976, dismissing the charge and releasing defendant from bond. This order was necessarily predicated on a finding that 160 days had elapsed since the last delay occasioned by defendant.

The State contends that the court erred in dismissing the instant charge, presenting two arguments. Its first argument is that an amended motion to dismiss charges for lack of speedy prosecution, filed on October 16, 1975, which was heard and denied on November 26, 1975, thus requiring the removal of the cause from a scheduled trial date of November 25, 1975, caused an indefinite continuance. Its second argument is that the period of time between January 26, 1976, and February 6, 1976, was delay attributable to defendant in that a motion to dismiss for lack of prosecution filed on the former date necessitated a delay until February 4,

1976, when the motion was heard and denied and that two withdrawals and appointments of defense counsel occurring on February 4 and 6 caused delay.

The facts of this are as follows. On November 4, 1974, defendant was charged with aggravated battery under the subsection which makes a simple battery committed on or about a public way, public property or public place of accommodation or amusement an aggravated battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(8)). Defendant was subsequently indicted and released on bond. On November 22, 1974, he filed a motion demanding a speedy trial. In the ensuing months many motions of defendant, primarily for reduction of bond, were filed and ruled upon. The cause was set for trial on April 16, 1975; however, no trial was had on that date. A record sheet entry of April 14, 1975, recites that on the motion of defendant the cause was continued and removed from the jury setting.

■■ It is clear that no speedy trial violation existed at that time. Regardless of the effect of any of defendant's motions made during this period, if defendant had been tried on April 16, 1975, as scheduled he would have been afforded a speedy trial since that date was the 145th day from his demand. The April continuance on defendant's motion was a delay occasioned by defendant which tolled the statutory period. *People v. Gooding,* 61 Ill. 2d 298, 335 N.E.2d 769.

The trial court's decision was clearly based on the events which occurred subsequent to this time. Consequently, it is the following facts which must be scrutinized and analyzed in deciding this appeal.

On October 8, 1975, defendant filed a motion for lack of prosecution based on speedy trial grounds. The motion was amended on October 16. On October 17, 1975, the cause was set for trial on November 25, 1975. Defendant's retained counsel filed on November 6, 1975, a motion to withdraw as counsel based on defendant's indigency and the unwillingness of his parents to incur indebtedness on his behalf. A hearing on the motion was set for November 12, 1975. The record sheet entry for November 12 recites that the attorneys appeared and argued the motion. Defendant's counsel was changed to appointed status, and November 26, 1975, was set as the date for a hearing on the motion to dismiss. The motion was denied on that date. Nothing appears of record until January 26, 1976. On that date defendant filed another motion to dismiss on speedy trial grounds. The motion was called for hearing on February 4, 1976, and denied. Also at this hearing, defendant's counsel made an oral motion to withdraw based on her belief that the press of other business would interfere with her representation of defendant. When the court ascertained that counsel had not discussed this situation with defendant a short recess was called. Upon reconvening, the court allowed the motion

and appointed counsel other than the public defender. The court also exhibited an intent to have the cause set for trial in the next jury venire, approximately one month to a month and a half in the future. A record sheet entry of February 6, 1976, recites that the counsel appointed February 4 withdrew at that time because of a conflict of interest and that new counsel was appointed. The record is silent for over four months. On June 9, 1976, defendant filed the motion to dismiss for failure to try defendant within the proscribed statutory time which was granted on July 1, precipitating this appeal.

The State argues first that the setting of defendant's October 16, 1975, motion to dismiss for hearing on November 26, 1975, precluded having a trial on the scheduled date of November 25, 1975, and since no new date was set for trial, defendant's conduct caused what amounted to an indefinite continuance. It directs our attention on this issue to *People v. Siglar*, 49 Ill. 2d 491, 274 N.E.2d 65. In its reply brief, the State argues further that since defendant is responsible for an indefinite continuance, the delay attributable to the defendant ends only when the defendant indicates he is ready for trial. (*People v. Cornwell*, 9 Ill. App. 3d 799, 293 N.E.2d 139.) The State does not inform us whether it believes defendant ever indicated such readiness for trial.

We find this argument to be without merit. Our research has revealed no case which has held that a motion by defendant which interferes with a trial date is to be considered an indefinite continuance. Neither *Siglar* nor *Cornwell* stands for such a proposition.

In *Siglar*, counsel for defendant specifically requested a general continuance of the trial date for the purpose of preparing and filing motions and also specifically requested an indefinite continuance from the date set for hearings on pretrial motions. Similarly, in *Cornwell*, the defendants failed to appear when their cases were called for trial, and the cases were continued with the agreement of their counsel. In contrast, in this case defendant merely made a motion for discharge in mid-October which was set for hearing on November 26, 1975. The record sheet is silent as to why this date rather than one prior to the November 25 trial date (set on October 17) was chosen. It does not appear to have been on request of defendant's counsel.

We find that this situation, which is hardly extraordinary, is governed by the general rule that a motion by defendant which causes actual delay tolls the statutory period (*People v. Richards*, 28 Ill. App. 3d 505, 328 N.E.2d 692; *People v. Jones*, 130 Ill. App. 2d 769, 266 N.E.2d 411; *People v. Donalson*) and causes a new period to commence to run from the date to which the case has been delayed (*People v. Donalson; People v. Zuniga*, 53 Ill. 2d 550, 293 N.E.2d 595.) In the case of motions it is obvious that the date from which the new period is computed is the date upon

which the motion was disposed of. (See *People v. Zuniga*, 53 Ill. 2d 550, 555-56, 293 N.E.2d 595, 596-97.) Here, defendant's motion was denied on November 26, 1975. The new 160-day period commenced to run on that date.

By our computation, May 5, 1976, is the 160th day after November 26, 1975. If any of the events subsequent to November 26 present delay attributable to defendant the statutory period is tolled either to February 4 or 6, 1976. Since 160 days from these dates are July 14 and 16, 1976, respectively, dates subsequent to the instant dismissal, the trial court's judgment can be affirmed only if defendant's motion of January 26, 1976, and the withdrawal and appointments of counsel on February 4 and 6 were properly held not to be delays attributable to defendant.

After due consideration we find that these occurrences do not attribute any delay to defendant and that the trial court's order of dismissal must be affirmed.

■■ The State argues that defendant's motion for discharge and dismissal of charges made on January 26, 1976, was a delay attributable to defendant under the rule of *People v. Jones*, 130 Ill. App. 2d 769, 266 N.E.2d 411, and *People v. Richards*, 28 Ill. App. 3d 505, 328 N.E.2d 692. It stresses the fact that this motion required hearing and that a nine-day period elapsed from its filing until it was heard and denied, thus causing actual delay.

We disagree. *Jones* and *Richards* do not deal with motions to dismiss for lack of speedy trial. To the contrary, the courts in *Jones* and *Richards* were called upon to decide whether *technical* motions to dismiss the indictment, directly attacking the indictments themselves, cause delay attributable to the defendants. In *Richards*, the court held that a motion to dismiss an indictment based on an allegation that the grand jury proceedings were improperly conducted caused a delay occasioned by the defendant. The court in *Jones* is less than lucid as to the precise nature of the motion to dismiss the indictment involved there, but we can only conclude from its citation to *People v. Hamby*, 27 Ill. 2d 493, 190 N.E.2d 289, *cert. denied* (1963), 375 U.S. 857, 11 L. Ed. 2d 84, 84 S. Ct. 120; and *People v. DeStefano*, 85 Ill. App. 2d 274, 229 N.E.2d 325, *cert. denied* (1968), 390 U.S. 997, 20 L. Ed. 2d 95, 88 S. Ct. 1197, which are both cases dealing with such technical motions, that a similar motion was under consideration. None of these cases are precedent for our case. Such motions are obviously dilatory in nature. In the event of success upon such a motion, the State is free to reindict and continue prosecution. This is certainly not the case with speedy trial motions to dismiss.

Our supreme court has held that the rule that where an accused causes delay in trial by his own actions the four months period is renewed from the date of the delay is not applicable to motions for discharge. (*People v.*

*Tamborski*, 415 Ill. 466, 114 N.E.2d 649; *People v. Moriarity*, 33 Ill. 2d 606, 213 N.E.2d 516.) This rule has been recently followed in *People v. Uryasz* (3d Dist. 1975), 32 Ill. App. 3d 825, 336 N.E.2d 813.

In reaching this conclusion in *Tamborski*, 415 Ill. 466, 473, 114 N.E.2d 649, 653, the supreme court stated:

> "We are unable to agree, however that the motion for discharge on July 25, 1951, was such an act as would delay the trial. Defendant did not seek thereby to delay his trial—he sought discharge. Nor does the fact that the trial court did not immediately hear his motion and later took it under advisement tend to show that the trial was delayed by any act on the part of defendant."

The court there was presented with a 16-day period between the motion's filing and its denial, whereas we are here presented only with a nine-day period. We find no proper basis for distinguishing this case from *Tamborski*, especially in view of the fact that the State did not seek to bring the cause to trial either in the two months prior to the making of the motion or the five months subsequent to its denial.

■■ With respect to the withdrawals and appointments of counsel that occurred on February 4 and 6, 1976, actual delay caused by granting a defendant's request for new counsel is delay occasioned by defendant (*People v. Jenkins*, 101 Ill. App. 2d 414, 243 N.E.2d 259; *People v. Behning*, 130 Ill. App. 2d 536, 263 N.E.2d 607), especially delay which evidences an unpreparedness for trial on the part of the new attorney (*People v. Behning; People v. Ford*, 34 Ill. App. 3d 79, 339 N.E.2d 293; *People v. Faulisi*, 34 Ill. 2d 187, 215 N.E.2d 276). However, each case must be determined on its own facts. (*People v. Behning*.) This is done in order "to prevent a 'mockery of justice' either by technical evasion of the right to speedy trial by the State, or by a discharge of a defendant by a delay in fact caused by him." *People v. Shields*, 58 Ill. 2d 202, 204, 317 N.E.2d 529, 530.

On the facts of this case, we find that no delay was occasioned by defendant; the cause is not properly controlled by any of the above rules regarding changes of counsel.

First, we note that neither withdrawal of counsel on February 4 or February 6 was the result of a request by defendant. The first counsel sought withdrawal because of the press of her business and the second because of conflict of interest. This is not the common situation where defendant becomes disenchanted with appointed counsel and demands someone different to represent him. The record indicates, moreover, that defendant was unaware of his counsels' desires to withdraw until after they had been expressed to the court.

Second, at the time of each withdrawal new counsel was appointed immediately without any delay or continuance. "Delay occasioned by the

defendant" has been construed to mean *actual* delay. (*People v. Richards; People v. Nunnery*, 54 Ill. 2d 372, 297 N.E.2d 129.) In this instance, there was no actual delay; neither of the withdrawals and appointments interfered with or postponed a trial date. The State had made no effort to have trial set in the intervening period since November 26, 1975. Moreover, after accepting the withdrawal of defendant's first counsel on February 4, 1976, and appointing new counsel, the court indicated an intent to have the trial heard in the next jury venire. It apparently felt there would be no problem with respect to preparation for trial at that time by a new counsel. All pretrial matters had long since been concluded in the 15 months since defendant was charged. The new counsel appointed only two days later undoubtedly stood in the same relation to these matters as the previous counsel. The State, however, made absolutely no effort to set trial in the next five months. The trial court was in an unexcelled position to determine if any delay was occasioned by defendant because of these events, and we feel the decision that no delay was caused or attributable to him was entirely proper.

For the foregoing reasons, the judgment of the circuit court of Jefferson County, discharging defendant from bond and dismissing the charge against him, is affirmed.

Affirmed.

G. J. MORAN and KARNS, JJ., concur.