THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ZONNIE COLLUM, Defendant-Appellant.

Fifth District    No. 80-556

Opinion filed July 29, 1981.

J. Ray Wood, of Benton, for appellant.

Donald Weber, State's Attorney, of Edwardsville (Gillum Ferguson and Nicholas B. Svalina, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant, Zonnie Collum, appeals his convictions of aggravated battery and criminal damage to property entered by the circuit court of Madison County after a trial by jury. On appeal defendant raises several issues, but in view of our disposition we need only decide whether defendant was entitled to a statutory discharge (Ill. Rev. Stat. 1979, ch. 38, par. 103—5) because of the State's failure to bring him to trial within 120 days of his being placed in custody.

Defendant was charged by information with aggravated battery and criminal damage to property on June 10, 1980, and taken into custody on that date. On June 20, 1980, defendant was found to be indigent, and the public defender was appointed to represent him. On July 30, 1980, the public defender moved to determine indigency. On August 7, 1980, following a brief hearing at which the public defender did not appear, defendant was found indigent. The public defender's motion to withdraw for that reason was denied that same day by a docket entry signed by the Honorable John W. Day.

On August 11, 1980, the public defender again moved to withdraw, but a copy of that motion and the reasons for it are not contained anywhere in the record now before us on appeal. The only thing contained in the record before us, is the trial court's response to that motion. On August 29, 1980, the following record sheet entry was made:

"Defendant present in Open Court represented by Leonard Berg, State by Keith Jensen. Motion to Withdraw as Counsel filed by the Public Defender's Office comes on for hearing. Arguments heard. Said Motion allowed.

/s/ VICTOR J. MOSELE
_____

Victor J. Mosele, Circuit Judge."

The confusion concerning the reasons for the Public Defender's withdrawal is somewhat clarified by the court's written order of September 16, 1980, which stated that "* * * attorney John Webster is hereby *appointed* to represent defendant in *both* of the above captioned cases." (Emphasis added.) That order could lead to the assumption that the public defender withdrew on his own volition, and not because defendant directed the withdrawal or had been found to have the financial ability to retain private counsel. This assumption is supported by the proceedings occurring just prior to commencement of trial. At that time defense counsel moved for discharge since defendant had been imprisoned for 132 days without being brought to trial. Defense counsel stated then that defendant was in no way responsible for any delays and "* * * the Public Defender decided to withdraw on their [*sic*] own, Mr. Collum had nothing to do with that." The prosecution did not refute this statement but merely explained that defendant was unrepresented by counsel for the 18 days between the time the public defender withdrew and the time at which attorney Webster was appointed. It was the State's contention that since defendant was unrepresented during this interval it tolled the 120-day statute. In ruling upon the motion for statutory discharge the court failed to give its reasoning, merely stating: "Motion to Dismiss on the 120-day Rule denied. Any other motions?" No written order of denial was entered, and when the 120-day issue was raised in the post-trial motion, it was again without explanation in the same peremptory manner.

Although the record before us strongly indicates that the public defender withdrew due to a conflict of interest, as did the appellate defender, the record before us is not conclusive on the point. However, pursuant to sections 1 and 2 of "An Act in relation to judicial notice" (Ill. Rev. Stat. 1979, ch. 51, pars. 48a and 48b), we take judicial notice of a portion of the record of this case which is not in the common law record before us but is contained in the files of the clerk of the circuit court of Madison County. (*Interstate Printing Co. v. Callahan* (1974), 18 Ill. App. 3d 930, 310 N.E.2d 786.) The item to which we refer is the missing motion to withdraw as counsel filed by the public defender's office on August 11, 1980. That motion was filed in two cases pending against defendant in the circuit court of Madison County, Nos. 80-CF-337 and 80-CF-373. Un-

fortunately, duplicate copies of the motion were not filed in each case and the single document was placed in the basic record of case number 80-CF-373. We have the appeal in case number 80-CF-337. The motion to withdraw as counsel which we judicially note is upon the grounds that the public defender's office was in a conflict of interest situation involving their representation of defendant. The prayer of the motion concludes:

"WHEREFORE, The Public Defender's Office requests that it be allowed to withdraw as counsel for Mr. Collum and that counsel from outside the Public Defender's Office be appointed to represent him."

Thus, the public defender's sole reason for withdrawing in both cases was a potential conflict of interest and we take notice of that fact. The court's permission to withdraw for the stated reason is reflected by its orders.

Even though the public defender's withdrawal was neither directed by nor at the instance of defendant, the State seeks to defend the trial court's denial of defendant's discharge motion by stating that "[u]nder Illinois law, a delay occasioned by the withdrawal of counsel *may be chargeable* to the defendant and toll the running of the 120 day period." (Emphasis added.) While this assertion is obviously correct it ignores the equally true fact that under some circumstances the withdrawal of counsel *may not be chargeable* to defendant. The case at bar is distinguishable from the cases cited by the State. In each of those cases the withdrawal of counsel was either: (1) at the direction of defendant (*People v. Behning* (1970), 130 Ill. App. 2d 536, 263 N.E.2d 607); (2) under circumstances in which defendant acquiesced in the court's statement that the cause was continued on defendant's motion (*People v. Faulisi* (1966), 34 Ill. 2d 187, 215 N.E.2d 276); and (3) followed by defendant's request that his new counsel be given time to prepare (*People v. Eason* (1976), 44 Ill. App. 3d 308, 357 N.E.2d 1191). Here the public defender withdrew of his own volition because of a conflict involving another client. Thus, this case is very similar to our decision in *People v. McKinney* (1978), 59 Ill. App. 3d 536, 375 N.E.2d 854, which involved the 160-day statute (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b)). In *McKinney* we affirmed an order of discharge despite the State's claim that withdrawal of defendant's appointed counsel on two occasions tolled the statutory period. The first defense counsel was allowed to withdraw because of the pressing nature of other business and the second counsel was allowed to withdraw because of a conflict of interest. We noted in that case that we were not confronted with the typical situation in which defendant becomes disenchanted with defense counsel and seeks a replacement. There, as here, appointed defense counsel, sought to withdraw on their own initiative. Under such circumstances, we said, delay is not occasioned by defendant.

The major difference between this case and *McKinney* is that in

388

*McKinney* the trial court ordered discharge and here the motion seeking discharge was denied. Although a trial court's decision as to accountability must be affirmed absent a clear abuse of discretion (*People v. Keagbine* (1979), 77 Ill. App. 3d 1039, 396 N.E.2d 1341; *People v. Thomas* (1975), 25 Ill. App. 3d 88, 322 N.E.2d 597), the court's implicit finding here, that defendant occasioned a delay, is totally without support in the record. To the contrary, it is refuted by the record as exemplified by reference to the motion to withdraw contained in the trial court files. Therefore, our ruling in *McKinney* is controlling, and the trial court's contrary ruling was error. We therefore reverse defendant's conviction and order his discharge.

Reversed and defendant discharged.

HARRISON and WELCH, JJ., concur.