THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD McGUIRE, Defendant-Appellant.

Fourth District   No. 4—83—0674

Opinion filed May 10, 1984.—Rehearing denied June 8, 1984.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE MILLS delivered the opinion of the court:
Residential burglary and misdemeanor theft.
Bench trial.
Concurrent sentences of six years and 364 days.
He now appeals.
The sole issue: Did the court err in refusing to discharge him even though he was incarcerated for more than 120 days prior to his trial?
No.
We affirm.
Section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(a)) provides:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *."

And section 103—5(d) then provides:

> "Every person not tried in accordance with subsections (a) * * * of this Section shall be discharged from custody or released from the obligations of his bail or recognizance." Ill. Rev. Stat. 1981, ch. 38, par. 103—5(d).

McGuire was arrested on May 9, 1983, and tried on September 12, 1983, the intervening period being 126 days. He moved for discharge on September 8, 1983. The trial court denied the motion, holding that a continuance granted at the request of his newly appointed attorney tolled the running of the statutory period. We agree.

Since the entire case rises or falls on the nature of a continuance granted the defendant, a rather extensive explication of the circum-

stances is warranted. McGuire and two codefendants were arrested on May 9, indicted by a grand jury on May 19, and arraigned on May 20, the record showing them represented by Bruce Ratcliff. (The record does not reflect whether Ratcliff was retained or appointed counsel.) The record does show that the cause was set for a criminal docket call on July 8. By at least June 1 the record shows defendants being represented by the public defender's office of Champaign County. Following the arraignment, discovery was had and both sides appeared at the July 8 docket call. Both sides answered ready for trial and the cause was set for July 18.

From this point forth, the plot takes some bizarre twists.

After answering ready for trial on July 8, the public defender appeared in court on July 13. A hearing was held, the subject of which was a motion to withdraw as counsel for McGuire and one of his codefendants. The public defender, Mr. Paddish, stated for the record:

> "[T]he thrust of my motion is that after getting this case and receiving discovery from this date and after speaking with Mr. Duckworth and Mr. McGuire and Mr. Williams, I have arrived at a conclusion that a conflict exists between Mr. Duckworth, Mr. McGuire, and Mr. Williams on the other side, so it will be Mr. Duckworth and Mr. McGuire having a potential conflict with Mr. Williams and that conflict—I have reached the conclusion that a conflict exists based on the discovery and the information supplied to me by Mr. Williams, and on that basis I would ask leave to withdraw as to either Mr. Duckworth, McGuire, or Mr. Williams, and for appointment of counsel for each."

In response to questions from the court, Paddish expressed his opinion that he could best represent Williams without compromising the interest of the others.

The State vigorously opposed the motion, arguing that any problems should be cured by severing the cases and trying the defendants separately rather than allowing the public defender to withdraw. Following argument, the court allowed the motion to withdraw and appointed two new attorneys to represent McGuire and Duckworth. McGuire's attorney was Lonnie Lutz, the Coles County Public Defender. (He was apparently available to the office of the Champaign County Public Defender as a result of their having previously defended a client of his in Coles County.)

On July 14, Lonnie Lutz appeared on behalf of McGuire and requested a continuance of the July 18 trial date. The continuance was granted. The cause was continued to September 2 for a criminal

docket call. (The cause was not set for August, since Champaign County does not hold trials during that month.) On August 29, Lutz moved to continue the docket call but no ruling on this motion was ever made, and Lutz appeared at the docket call on September 2. At the docket call, McGuire's trial was set for September 12. On September 8, Lutz filed a motion to dismiss, based on the fact that the 120-day period of the statute had run. The motion was heard at a hearing prior to the bench trial on September 12. The trial court ruled against the defendant, finding that the July 14 continuance—which had been granted at defense attorney's request—was a delay attributable to the defendant, thereby tolling the running of the 120-day period until the cause was set for trial. Since the cause had been set for September 12, and the parties were presently prepared to go to trial, the running of the period had been tolled until the current date and no 120-day violation had occurred. Following this hearing, the trial was had on stipulations, the defendant was found guilty of the offenses charged and was later sentenced.

From this scenario it is clear that the July 14 continuance is the tincture which colors McGuire's trek along the trial trail. If the continuance was properly attributed to McGuire, it effectively tolled the running of the 120-day speedy-trial provisions of the Code of Criminal Procedure.

Defendant urges that we must reverse the decision of the trial court based on the reasoning of the courts in *People v. McKinney* (1978), 59 Ill. App. 3d 536, 375 N.E.2d 854, and *People v. Collum* (1981), 98 Ill. App. 3d 385, 424 N.E.2d 440. In both *McKinney* and *Collum*, the Appellate Court of Illinois, Fifth District, developed a doctrine whereby delays occasioned by the withdrawal of defense counsel, based on that counsel's perceived conflict of interest, but not at the behest of the defendant, are not charged to the defendant, unless the withdrawal was made under circumstances from which it may be inferred that the defendant acquiesced in the delay, or in situations where the withdrawal was followed by a request that the defendant's attorney be given additional time to prepare for trial.

While we do not pass on the merits of this doctrine, we find that under the facts of this case, McGuire acquiesced in the delay caused by the withdrawal of his attorney. Shortly after his arrest and indictment in May, the defendant and his two codefendants were represented by the Champaign County Public Defender's office. The cause was set for trial July 18. Just five days prior to trial, the public defender appeared and moved to withdraw based on a perceived conflict of interest. New counsel was appointed immediately. However, the ap-

pointment was just four days before the trial date. It seems patently clear that the newly appointed counsel could not possibly prepare adequately to conduct a proper defense when being appointed only four days before a trial. The record supports the view that he had never spoken with the defendant prior to his appointment nor had he seen any of the discovery materials. Faced with this situation, the court granted the new defense attorney's motion for a continuance and eventually scheduled the trial for September 12.

We note in passing that the State was prepared to go to trial at all times and actively opposed all attempts at delaying the trial.

Under these circumstances we feel that defendant was bound by the action of his attorneys. The record shows that McGuire's first appointed attorney withdrew from the case after consulting with him. Yet, the defendant, who was conversant in spoken English, said nothing in open court when his counsel withdrew and his new counsel was appointed. McGuire's silence is pregnant in that the court at the time of the withdrawal specifically addressed the speedy-trial problem and yet McGuire said nothing. Under these circumstances, we find that the defendant—though silent—acquiesced in the withdrawal of his counsel and the ensuing delay.

Support for this view is found in *People v. Eason* (1976), 44 Ill. App. 3d 308, 357 N.E.2d 1191. There, the court held that under Illinois law it is clear that a delay occasioned by the withdrawal of counsel to which a defendant acquiesces may be chargeable to the defendant, thereby tolling the running of the 120-day period. *Eason* cited *People v. Johnson* (1970), 45 Ill. 2d 38, 257 N.E.2d 3, for the proposition that where a defendant fails to object to the withdrawal of his counsel, or a continuance necessitated by the withdrawal, he may be found to have acquiesced in the delay resulting from the continuance.

Here, the trial court, at the motion for discharge, ruled against the defendant based on the fact that he acquiesced in the delay resulting from the withdrawal of his attorney. We will affirm the decision of the trial court unless it amounts to an abuse of discretion. (*People v. Keagbine* (1979), 77 Ill. App. 3d 1039, 396 N.E.2d 1341.) Since the record reflects adequate information from which the court could have found that the continuance granted on July 14 was properly chargeable to the defendant, and that he acquiesced in the face of likely delay, we affirm the decision denying McGuire's motion for discharge.

Affirmed.

TRAPP and WEBBER, JJ., concur.